No. 491
McGINTY v. GLASS COATING CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5427. Decided Feb. 2, 1925.

313. CORPORATIONS—1. Absolute good faith is necessary between officers of corporation and strangers.

2. Defense of misrepresentation will be of no avail if there is failure to show that false statements were made.

VICKERY, P. J.

The Glass Coating Co. brought an action in the Cleveland Municipal Court against E. B. McGinty to recover $800 upon a stock subscription in the corporation. McGinty subscribed for 10 shares of stock at $100 par value, and had paid $200 down, refusing to pay more. McGinty claimed there were false false representations amounting to fraud and therefore the contract could be avoided. The case was tried on the theory that the relation of the parties was that of an officer and stockholder of a corporation with a stranger; and if any statement was made, not true, it was a misrepresentation. The Municipal Court rendered judgment in favor of the Company. McGinty prosecuted error and the Court of Appeals held:

1. Absolute good faith between officers, stockholders and strangers is necessary in sale of stock, and whether a statement is known to be false of not, the defense of misrepresentation still exists.

2. There is a failure to show that a false representation had been made. Judgment affirmed.

Attorneys—Stearns, Chamberlin & Royon, for McGinty; Henderson, Quail, Siddall & Morgan, for Company; all of Cleveland.

No. 492
FISHER v. TRACTION CO.
Ohio Appeals, 9th Dist., Summit Co.
No. 874. October 23, 1924.

923. PLEADING—Allegation of careless management made in general terms held sufficient to embrace negligent conduct of motorman of street car.

FUNK, P. J.

Original action for damages in the Common Pleas wherein Elizabeth Fisher was plaintiff and the Northern Ohio Traction & Light Co. was defendant. Plaintiff was a passenger on one of defendant's street cars in the City of Akron when the car collided with an automobile. The sudden stopping of the car caused by the application of the brakes, threw plaintiff against a seat causing her injury. The petition declared defendant negligent in stopping the car with a sudden jerk caused because the motorman improperly applied the brakes. At the conclusion of plaintiff's evidence, defendant moved for a directed verdict on the ground that there was no evidence that the defendant improperly applied the brakes. The trial court granted the motion. Plaintiff prosecuted error to the court of Appeals which held:

This court is of opinion that the allegation in the petition that defendant so "carelessly managed said car that it was brought to a stop with a sudden jerk" is broad enough to embrace the testimony that the motorman was looking around and failed to see the automobile until it was necessary to stop with a sudden jerk. There was therefore some evidence to go to the jury under the petition and the trial court erred in disecting a verdict. Reversed.

Attorneys—Sheck, Lahrmer, Stevens and Hadley, for Fisher; Mather, Nesbitt & Willkie for Traction Co., all of Akron.